IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

LOWELL MARTIN,                        )
                                      )
            Plaintiff,                )
                                      )
      v.                              )        No:  1:06-cv-1624 (JDB)
                                      )
UNITED STATES,                        )
                                      )
            Defendant.                )

**MEMORANDUM IN SUPPORT OF
UNITED STATES' MOTION TO DISMISS**

This is an action under 26 U.S.C. § 7431 for the recovery of damages allegedly

caused by the disclosure of confidential return information by the Internal Revenue

Service.

QUESTIONS PRESENTED

Plaintiff complains that the Internal Revenue Service illegally disclosed his tax

return information by filing a notice of federal tax lien on the public record and serving

his employer with a notice of levy of his wages.  Section 7433 of the Internal Revenue

Code provides, with one exception not pertinent here, that it "shall be the exclusive

remedy for recovering damages" for unauthorized or improper collection actions.  Can

Plaintiff recover under 26 U.S.C. § 7431 when the unauthorized disclosure claims relate

to the filing of a notice of federal tax lien and service of a tax levy?

Section 6103 prohibits disclosures of "return information," except as permitted

by the Internal Revenue Code.  Pursuant to exceptions in section 6103 the Service is

authorized to disclose return information in order to carry out the provisions of the

Code relating to establishment and recording of liens and the levy and distraint of a taxpayer's property. Did the Service violate section 6103 in filing a notice of federal tax lien and levying plaintiff's wages?

## STATEMENT

1. <u>Introduction</u>. On September 18, 2006, plaintiff, acting *pro se*, filed the instant complaint. A resident of Michigan (Compl. ¶ 3), plaintiff seeks to recover damages for the alleged wrongful disclosure of his tax return information by Internal Revenue Service agents, both named and unnamed in the complaint (Compl. ¶ 1).

2. <u>The claim for "wrongful disclosure" under section 7431</u>. Plaintiff argues that he is the subject of ongoing "purported" collection action by the Service and that "[d]uring December of 2005, and January of 2006," Service agents caused notices of federal tax liens "to be recorded in the with the Register(s) of Deeds of both Jackson County, and Wayne County, Michigan." (*Id*. ¶¶ 4, 5.) Plaintiff alleges that the notices of federal tax liens wrongfully discloses tax return information and that such disclosures have caused him substantial mental and emotional distress, as well as subjected him to the possibility of identity theft. (*Id*. ¶¶ 6, 8.)

Plaintiff also complains that a notice of levy has been served upon his employer, and that the notice of levy wrongfully discloses his tax return information. (*Id*. ¶ 7.)

Plaintiff bases his action on 26 U.S.C. § 7431, which he avers provides taxpayers with a cause of action for statutory and/or actual and punitive damages against the

United States in the event a Service agent makes any unlawful disclosure of return information in violation of 26 U.S.C. § 6103.  (*Id.* ¶ 14.)

## ARGUMENT

## I

### STANDARD OF REVIEW

In deciding a motion to dismiss for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), the court must view all of the allegations and facts in the complaint in a light most favorable to the plaintiff, and must grant the plaintiff the benefit of all inferences that can be derived from those facts.  *See Barr v. Clinton*, 370 F.3d 1196, 1199 (D.C. Cir. 2004).  The court need not accept inferences or conclusory allegations that are unsupported by the facts set forth in the complaint.  *See Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

The court must give the plaintiff's factual allegations closer scrutiny when resolving a rule 12(b)(1) motion than would be required for a rule 12(b)(6) motion, because the plaintiff has the burden of proof to establish jurisdiction.  *See, e.g.*, *Role Models America, Inc. v. Harvey*, 2006 WL 2793178, *3 (D.D.C. Sept. 28, 2006), *citing Macharia v. United States*, 334 F.3d 61, 64, 69 (D.C. Cir. 2003); *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F.Supp. 2d 9, 13 (D.D.C. 2001).  This scrutiny permits the court to consider material outside of the pleadings in its effort to determine whether it has jurisdiction.  *See, e.g.*, *Cronauer v. United States*,  2006 WL 2708682, *2  (D.D.C. Sept.

20, 2006), *citing EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 625n.3 (D.C. Cir. 1997); *Herbert v. Nat'l Acad. of Sciences*, 974 F.2d 192, 197 (D.C. Cir. 1992).

II

SECTION 7433 IS PLAINTIFF'S EXCLUSIVE REMEDY

Plaintiff's section 7431 claims must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) because section 7433 of the Internal Revenue Code provides the exclusive remedy for allegedly unauthorized or improper collection actions.  Disclosures of return information allegedly made in the course of collection actions are subsumed within this exclusive remedy.

Section 7433 (a) provides:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.  Except as provided in Section 7432, such civil action *shall be the exclusive remedy for recovering damages* resulting from such actions.

26 U.S.C. § 7433(a) (emphasis added).  By its own terms, the statute is the "exclusive remedy" for the violation of "any provision of this title" in the course of federal tax collection.  Congress provided only one exception to section 7433's exclusivity:  section 7432.1/

_____

    1/Section 7432 provides a damages remedy for "wrongful failure to release lien."  *See* 26 U.S.C. § 7432.  The complaint contains no averments that even remotely could be construed as presenting a claim under section 7432.

4

Section 7431 was added to the Internal Revenue Code six years before section 7433, and Congress must necessarily have been aware of section 7431 when it enacted section 7433. *Cf. Miles v. Apex Marine Corp.*, 498 U.S. 19, 32 (1990) ("We assume that Congress is aware of existing law when it passes legislation."). Had Congress intended section 7431 to be an alternative or supplemental remedy to an action within the purview of section 7433, Congress would have included section 7431 as an exception, along with section 7432. *Cf. Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253-54 (1992) ("We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there.").

The legislative history of section 7433 further supports the conclusion that Congress intended the statute to be the exclusive avenue of redress for all unauthorized collection actions. The legislative history provides that "an action brought under this provision [section 7433] shall be the exclusive remedy for recovering damages resulting from reckless or intentional disregard of a provision of the Internal Revenue Code, or a regulation promulgated thereunder, by an IRS employee engaged in the collection of any Federal tax." H.R. Conf. Rep. No. 100-1104, at 228-29, *reprinted in* 1988 U.S.C.C.A.N. 4515, 5288-89.

Judicial precedent also supports the exclusivity of section 7433. In *Shwarz v. United States*, the Ninth Circuit held that section 7433 is the exclusive remedy in this situation and bars a claim under section 7431 if the alleged unauthorized disclosures of tax return information occurred in the course of collection activity. *Shwarz v. United*

5

*States*, 234 F.2d 428, 433 (9th Cir. 2000). In *Shwarz*, the plaintiffs claimed that Service employees made unauthorized disclosures when a revenue officer filed an allegedly false declaration in support of an application to enter plaintiffs' place of business to effect a levy and when revenue officers posted seizure notices at plaintiffs' place of business. Because the alleged unauthorized disclosures occurred in connection with tax collection activities, the court ruled that the suit had to proceed under section 7433 and not section 7431. *See also Elias v. United States*, 1990 WL 264722, *9n.7 (C.D. Cal. Dec. 21, 1990) (noting that given the then-recent enactment of section 7433, Congress did not intend for section 7431 suits to be maintained in situations arising from tax collection activities), *aff'd mem.*, 974 F.2d 1341 (9th Cir. 1992).

In sum, section 7433 is the exclusive remedy for disclosures allegedly made during tax collection activities. Because section 7433 is the exclusive remedy for unauthorized collection activities, this Court lacks subject matter jurisdiction and the claim should be dismissed. To hold otherwise, would enable a taxpayer, whose return information was disclosed as part of collection activity, to recover damages under both sections 7431 and 7433, or perhaps to elect the more favorable scheme of relief, depending on the alleged violation. Congress did not intend to allow a taxpayer to receive double recovery for the same conduct, or to shop for the more favorable remedial scheme.

III

PLAINTIFF'S CLAIM IS BARRED BECAUSE THE JURISDICTIONAL
PREDICATES OF SECTION 7433 HAVE NOT BEEN MET

Assuming arguendo, that plaintiff had properly brought his suit pursuant to

section 7433, the Court should nonetheless dismiss plaintiff's complaint because the

jurisdictional predicates of section 7433 have not been met.

It is well-settled that the United States is immune from suit, unless its sovereign

immunity has been waived. *Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985); *Lehman v.

Nakshian*, 453 U.S. 156, 160 (1981); *United States v. Testan*, 424 U.S. 392, 399 (1976); *United

States v. Shaw*, 309 U.S. 495, 500-01 (1940). It is also fundamental that where the

sovereign has waived immunity, no suit can be maintained unless it is in exact

compliance with the terms of the statute under which the sovereign has consented to be

sued. *United States v. Nordic Village, Inc.*, 503 U.S. 30 (1992); *United States v. King*, 395

U.S. 1, 4, 89 (1969); *United States v. Sherwood*, 312 U.S. 584, 596 (1947).

Under section 7433(d)(1), prior to bringing a suit in federal district court for

damages, taxpayers must exhaust their administrative remedies. 26 U.S.C. § 7433(d)(1).

"A judgment for damages shall not be awarded under [7433] subsection (b) unless the

court determines that the plaintiff has exhausted the administrative remedies available

to such plaintiff within the Internal Revenue Service." *Id*.

7

The Secretary of the Treasury has promulgated regulations governing the administrative claim for damages under section 7433. 26 C.F.R. § 301.7433-1(e). The regulations provide that—

> An administrative claim for the lesser of $1,000,000 ($100,000 in the case of negligence) or actual, direct economic damages, as defined in paragraph (b) of this section [7433] shall be sent in writing to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides.

*Id.* The taxpayer must send a written administrative claim for damages to the area director in the district in which the taxpayer lives and include the following: (1) the grounds for the claim; (2) a description of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including any damages not yet incurred but that are reasonably foreseeable; and (4) the signature of the taxpayer. 26 C.F.R. § 301.7433-1(e)(1) & (2). Failure to comply with this regulation deprives a court of jurisdiction. *See Venen v. United States*, 38 F.3d 100, 103 (3d Cir. 1994); *Conforte v. United States*, 979 F.2d 1375 (9th Cir. 1992); *Glass v. United States*, 424 F.Supp. 2d 224, 227 (D.D.C. 2006); *McGuirl v. United States*, 360 F.Supp. 2d 125 (D.D.C. 2004).

"In a § 7433 action, the plaintiffs bear 'the burden of demonstrating an explicit waiver of the government's sovereign immunity from suit.'" *Holt v. Davidson*, 441 F.Supp. 2d 92, 96 (D.D.C. 2006) (*citing People of Cal. ex. rel. Ervin v. Dist. Dir.*, 170 F.Supp. 2d 1040, 1048 (E.D. Cal. 2001)). In the instant matter, plaintiff makes no assertions concerning his pursuit of administrative remedies. Therefore, even if the suit is not barred by the statute of limitations, plaintiff has not met his burden to allege adequately

8

that the United States has unequivocally waived its sovereign immunity. Because plaintiff has not met his burden to prove exhaustion of administrative remedies, this Court does not have jurisdiction over his claim and should dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1).2/

IV

PLAINTIFF FAILS TO STATE A CLAIM BECAUSE<br>THERE WAS NO UNLAWFUL DISCLOSURE

Even if this case were properly before the Court under 26 U.S.C. §§ 7431 or 7433, plaintiff has not alleged a claim in violation of 26 U.S.C. § 6103, and therefore the matter should be dismissed under Fed. R. Civ. P. 12(b)(6).

---

2/There is conflicting case law in this district concerning whether the failure to exhaust administrative remedies under section 7433 should be analyzed as a jurisdictional issue or as a failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Compare Lindsey v. United States*, 448 F.Supp.2d 37, 52-54 (D.D.C. 2006); *Turner v. United States*, 429 F.Supp. 2d 149, 154 (D.D.C. 2006) *with Glass v. United States*, 424 F.Supp.2d 224, 227 (D.D.C. 2006). It is the position of the United States that as a term of consent to the waiver of sovereign immunity, the requirement of administrative exhaustion under section 7433 is by definition a part of the court's jurisdiction to entertain the suit. *See United States v. Sherwood*, 312 U.S. 584, 586 (1941) ("The United States, as sovereign, is immune from suit save as it consents to be sued, *** and *the terms of its consent to be sued in any court define that court's jurisdiction* to entertain the suit.") (emphasis added). But in any event, the question is somewhat academic in this case, since the complaint should be dismissed for failure to state a claim even if the Court concludes that is has subject matter jurisdiction. Moreover, should the Court conclude it has subject matter jurisdiction under section 7433, but cannot award damages on account of plaintiff's failure to exhaust administrative remedies, the Court lacks subject matter jurisdiction to declare plaintiff's rights or to award injunctive relief. *See Lindsey v. United States*, 448 F.Supp.2d at 57-60 (court lacks subject matter jurisdiction over plaintiff's request for declaration of rights and for injunction under section 7433). In other words, under section 7433, *this Court has jurisdiction to award only one type of relief* – money damages—but it cannot do so unless the plaintiff has exhausted his administrative remedies.

9

Section 7431 provides civil damages when there is a negligent or willful violation of section 6103 other than in the collection process. 26 U.S.C. § 7431. Section 7433 protects taxpayers from negligent or intentional violations of section 6103 in the collection process. 26 U.S.C. § 7433. Section 6103(a) is a general taxpayer privacy-protection statute, and states the general rule that return information shall be confidential, and that, except as authorized, such information shall not be disclosed. *Church of Scientology of California v. Internal Revenue Service*, 484 U.S. 9, 10 (1987). The Internal Revenue Code contains a number of detailed exceptions to this general rule of non-disclosure. Specifically, section 6103(k)(6) provides:

> An internal revenue officer or employee may, in connection with his official duties relating to any *** collection activity *** disclose return information to the extent that such disclosure is necessary in obtaining information, which is not otherwise reasonably available *** with respect to the enforcement of any other provisions of this title. Such disclosures shall be made only in such situations and under such conditions as the Secretary may prescribe in regulation.

26 U.S.C. § 6103(k)(6).

The Secretary of the Treasury has promulgated regulations enumerating the specific circumstances under which disclosures may be made pursuant to section 6103(k)(6).3/ Regulation 301.6103(k)(6)-1(b) states:

_____

3/ Because section 6103(k)(6) directs the Secretary of the Treasury to promulgate regulations controlling the situations and conditions under which disclosure is permitted, the resulting regulations are so-called "legislative regulations," and are entitled to special deference from the courts. *See, e.g.*, *Chrysler Corp. v. Brown*, 441 U.S. 281, 301-03 (1979).

> In connection with the performance of official duties relating to any *** collection activity...an officer or employee of the Service *** is authorized to disclose return information *** in order to obtain necessary information relating to the following-
>
>> (6) [T]o locate assets in which the taxpayers has an interest *** [and] to apply the provisions of the Code relating to establishment of liens against such assets.

26 C.F.R. § 301.6103(k)(6)-1(b) (2000).

Section 6103(k)(6) and the accompanying regulations "plainly indicate that disclosure of return information necessary to accomplish collection activities, including the service of levies, *** and the filing of notices of federal tax liens, is exempt from the general disclosure prohibition of Section 6103(a)." *Elias v. United States*, 1990 WL 264722, *5 (C.D. Cal. Dec. 21, 1990), *aff'd*, 674 F.2d 1341 (9th Cir. 1992) (table); *accord*, *Long v. United States*, 972 F.2d 1174, 1180 (10th Cir. 1993) ("6103(k)(6) authorizes an IRS employee to disclose tax return information in the issuance of liens."); *Mann v. United States*, 204 F.3d 1012, 1018 (10th Cir. 2000) ("6103(k)(6) and the relevant regulations do permit disclosure of tax return information when made in notices of lien."); *Coplin v. United States*, 1991 WL 22804, *4 (W.D. Mich. Jan. 2, 1991) (disclosures for liens and levies authorized under section 6103(k)(6)), *aff'd*, 952 F.2d 403 (6th Cir. 1991) (table).

Although section 6103(k)(6) and the regulations paint broad strokes of authority, they do not allow for unbridled disclosure. Regulation 301.6103(k)(6)-1(b) provides:

> Disclosure of return information to a person other than the taxpayer to whom such return information relates *** for the purpose of otherwise accomplishing any activity described

11

> in subparagraph (6) of this paragraph should be made,
> however, only if *** the activities described in subparagraph
> (6) of this paragraph cannot otherwise properly be
> accomplished without making such disclosure.

26 C.F.R. § 301.61039k)(6)-1(b) (2000).  Given that section 6323 of the Internal Revenue

Code provides that a tax lien must be recorded by the Service in order to be effective

against other liens, 26 U.S.C. § 6323, it follows that the filing of federal tax liens is

necessarily authorized under the Internal Revenue Code.  Likewise, a notice of levy

must be served upon the party holding the taxpayer's property.  *See* 26 U.S.C. § 6331(a).

Congress would not have made an action simultaneously mandated under one section

and prohibited under another.  *Cf. Tax Analysts v. Internal Revenue Service*, 117 F.3d 607,

616 (D.C. Cir. 1997) ("Only a Janus-faced Congress would, in § 6110, order the IRS to

disclose the legal analysis portion of a Technical Advice Memorandum and then, in §

6103, order the IRS not to disclose the same portion of an FSA.").  And under section

6103(a), when disclosure is authorized under title 26, there is no violation of section

6103.

　　　　In the instant case, it cannot be disputed that the notices of federal tax liens were

filed and the levy was served in connection with the official duties of the Service in

attempting to collect the plaintiff's tax liabilities.  Had the information not been

disclosed, creditors of the plaintiff would have no way to discover the existence of the

lien.  "Indeed, the purpose of recording the lien *** is to place the public on notice of the

lien." *William E. Schrambling Accountancy Corp. v. United States*, 397 F.2d 1485, 1489 (9th

Cir. 1991).  Without the notice of levy, plaintiff's employer would not be advised of the Internal Revenue Service's seizure of plaintiff's wages.  The actions of the Service agents in this case properly fall under the protection of section 6103(k)(6) and therefore there can be no liability under sections 7431 or 7433.

Plaintiff's complaint asserts that the lien at issue was recorded "for which defendant has been unable to produce evidence of lawful assessment."  (Compl. ¶ 5.) Plaintiff also complains that a notice of levy was sent to his employer.  (Compl. ¶ 7.) Sections 7431 and 7433 do not address the legitimacy of the collection process, and "whether a disclosure is authorized under § 6103 is in no way dependent upon the validity of the underlying summons, lien or levy."  *Elias v. United States*, *supra*; *accord, Mann v. United States*, 204 F.3d at 1020 ("We *** agree with *** the majority of courts which have considered the issue that there is nothing in § 6103 which requires that the underlying means of disclosure be valid before the safe harbor of § 6103(k)(6) applies."); *Wilkerson v. United States*, 67 F.3d 112, 116 (5th Cir. 1995) ("The plain language of the Internal Revenue Code supports the *** contention that the validity of the underlying collection activity is irrelevant in determining whether a disclosure is wrongful."); *Venen v. United States*, 38 F.3d 100, 106 (3d Cir. 1994) ("[T]he propriety of the underlying collection action *** is irrelevant to whether disclosure is authorized under section 6103."); *Bleavins v. United States*, 807 F.Supp. 487, 489 ("[Section] 7431 does not apply to disputed merits of an assessment; it only addresses civil damages for disclosure violations of § 6103."), *aff'd* 998 F.2d 1016 (7th Cir. 1993) (table); *Tomlinson v. United*

*States*, 1991 WL 338328, *3 (W.D. Wash. Aug. 20, 1991) (adopting the position that the validity of underlying liens and levies is irrelevant), *aff'd* 977 F.2d 591 (9th Cir. 1992); *Flippo v. United States*, 670 F.Supp. 638, 643 (W.D.N.C. 1987) ("As a threshold matter the validity of the underlying lien and levy is wholly irrelevant to the disclosure issue."), *aff'd,* 849 F.2d 604 (4th Cir. 1988).

But in any rate, the Service did in fact make proper assessments against plaintiff as evidenced by the notices of federal tax liens attached to plaintiff's complaint. (*See* Compl. ¶ 5, unmarked attachments.) The assessments reflected on the notices of federal tax liens constitute admissible evidence of the fact of the assessments. Fed. R. Evid. 803(15). *See also G.M. Leasing Corp. v. United States*, 514 F.2d 935, 941 & n.5 (10th Cir. 1975) (accepting notice of federal tax lien as acceptable proof of assessment), *rev'd on other grounds*, 429 U.S. 338 (1997); *Amber Truck Lines v. United States*, 805 F.Supp. 32, 34 (D. Utah 1992) (noting that the certification of an Internal Revenue Service officer of notice and demand on a notice of federal tax lien makes the presumption that notice was made even more compelling). Additionally, "assessments for unpaid taxes are normally entitled to a presumption of correctness so long as they are supported by a minimal factual foundation." *Palmer v. United States*, 116 F.3d 1309, 1312 (9th Cir. 1997) (internal citations omitted). Therefore, Plaintiff's claim of invalid assessments is contradicted by his own pleadings, and, in any event, has no relevance to the question of allegedly unauthorized disclosure under section 6103.

14

CONCLUSION

Plaintiff's exclusive remedy is found in section 7433 and therefore the complaint should be dismissed.  In the alternative, for all of the additional above-stated reasons, this matter should be dismissed with prejudice.

DATE:  November 24, 2006.

Respectfully submitted,

 /s/ Michael J. Salem
MICHAEL J. SALEM
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044
Telephone:  (202) 307-6438

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

<u>CERTIFICATE OF SERVICE</u>

IT IS CERTIFIED that the foregoing United States' MEMORANDUM IN

SUPPORT OF UNITED STATES' MOTION TO DISMISS was caused to be served upon

plaintiff *pro se* on the 24th day of November, 2006, by depositing a copy in the United

States' mail, postage prepaid, addressed as follows:

> LOWELL MARTIN
> Plaintiff *pro se*
> 2580 N. Portage Road
> Jackson, MI  49201.

> /s/ Michael J. Salem
> MICHAEL J. SALEM

2051674.11