RECEIVED

JAN 17 07

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Lowell Martin<br>2580 North Portage Rd<br>Jackson, Michigan 49201<br><br>v.<br><br>UNITED STATES | )<br>) CASE NO. 1:06-cv-01624 - (JDB)<br>)<br>) **AMENDED** COMPLAINT<br>) TRIAL BY JURY DEMANDED<br>)<br>)<br>) |

**AMENDED** COMPLAINT FOR DAMAGES UNDER 26 U.S.C. SECTION 7431

Lowell Martin, Plaintiff herein, complain of defendants and seek statutory damages, actual damages, and punitive damages, and pursuant to his right under Fed. R. Civ. P. Rule 15, hereby amends his complaint as follows, and for his cause of action, avers:

I

INTRODUCTION

1. This is an action brought pursuant to Title 26, Section 7431 of the Internal Revenue Code for the recovery of statutory and/or actual and punitive damages caused by the intentional and/or negligent unlawful disclosure of confidential return information by Defendant's agents, Susan A, Hansen, Lynn Dewerth, Rosemarie Baumann and other unknown agents (hereinafter: agent(s)) of the Internal Revenue Service.

2. This Court has jurisdiction for this action under Title 26 U.S.C. Section 7431(a)(1). Venue is proper in this Court under 28 U.S.C. §1391(e).

II

FACTS

3. Plaintiff, Lowell Martin at all times material hereto lived in Michigan.

4. During December of 2005, and January of 2006, the aforementioned agents caused to be recorded with the Register(s) of Deeds of both Jackson County, and Wayne County, Michigan, purported Notices of Tax Lien. Copies of which are affixed hereto. Identifying information has been excised.

5. The subject purported Notices of Tax Lien entered into the Public Record contain multiple wrongful disclosures of "return information" as defined in law. SEE: ¶ 15, below.

6. The wrongful disclosures of Plaintiff's return information have subjected Plaintiff to the real possibility of identity theft.

7. It was not necessary for the aforementioned agents to place on the purported Notices of Tax Lien Plaintiff's confidential tax return information which subjects Plaintiff to the possibility of identity theft.

8. The wrongful disclosures of Plaintiff's confidential return information by Agents Susan A. Hansen, Lynn Dewerth, and Rosemarie Baumann were not in good faith.

9. Reasonable Internal Revenue Agents can be expected to know the statutory provisions governing disclosure, as interpreted and reflected in the IRS regulations and manuals. An agent's contrary interpretation is not in good faith.

10. The aforesaid agents did not follow the dictates of section 6103 or the applicable IRS manual provisions prior to recording the purported notices.

11. On information and belief, the agents involved in this case have all received extensive "disclosure" training which is designed to preserve the integrity of the confidentiality provisions of the federal tax laws which are codifications and extensions of the basic Forth Amendment right to privacy.

### III

### LEGAL AUTHORITY

12. Section 7431 of the internal revenue code provides taxpayers with a cause of action for statutory and/or actual and punitive damages against the United States in the event an officer of employee thereof makes any unlawful disclosure of "return information" in violation of Section 6103 of the Internal Revenue Code.

13. "Return Information" is required by Section 6103 to remain confidential and not be disclosed except as provided in §6103. There is no provision in §6103 providing for the disclosure of the return information contained in the aforementioned Notice of Lien. "Return Information" is broadly defined in Section 6103(b)(2) as follows:

> a taxpayer's identity, the nature, source. or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessment, or tax payments, whether the taxpayer's return was, is being, or will be examined or subject to investigation or processing, or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence, of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition or offense ...

14. "Taxpayer identity" is broadly defined in Section 6103(b)(6) as follows:

> The term "taxpayer identity" means the name of a person with respect to whom a return is filed, his mailing address, his taxpayer identifying number (as described in section 6109), or a combination thereof.

15. The disclosures described above were intentional, negligent, and, or grossly negligent disclosures of "return information" in violation of Section 6103 and for which Plaintiff is entitled to statutory and/or actual and punitive damages under Section 7431.

## IV

## DAMAGES

16.  Internal Revenue Code section 7431 authorizes damages:

> ...in an amount equal to the sum of -
> (1) the greater of -
>     (A) $1,000 for each act of unauthorized inspection or disclosure of a return or return information with respect to which such defendant is found liable, or
>     (B) the sum of -
>         (i) the actual damages sustained by the plaintiff as a result of such unauthorized inspection or disclosure, plus
>         (ii) in the case of a willful inspection or disclosure or an inspection or disclosure which is the result of gross negligence, punitive damages, plus
> (2) the costs of the action, plus
> (3) in the case of a plaintiff which is described in section 7430 (c)(4)(A)(ii), reasonable attorneys fees, except that if the defendant is the United States, reasonable attorneys fees may be awarded only if the plaintiff is the prevailing party (as determined under section 7430 (c)(4)).

17.  The reprehensible conduct of, and the illegal disclosures made by the aforementioned agents and the other agents involved herein has caused Plaintiff substantial personal embarrassment, loss of good will, and loss in credit. Plaintiff has sustained actual, direct damages totaling $31,542.64

18.  The intentionally and/or grossly negligent unlawful disclosures by Susan A. Hansen, Lynn Dewerth, Rosemarie Baumann, and the other agents involved herein entitles Plaintiff to punitive damages the extent of which at this time cannot be accurately ascertained but which will be more fully known after the completion of discovery.

19. Based on the aforesaid unlawful disclosures, Plaintiff is entitled to the costs of the action pursuant to Section 7431(c)(2) and (3).

**WHEREFORE**, Plaintiff requests after trial of this case that judgment be entered in his favor against the United States for the recovery of actual damages in the amount of $31,542.64 , punitive damages, the costs of this action, expungement of the aforementioned notices and such other and further relief to which Plaintiff is entitled.

Dated _January 18th_, 2007

By: _/s/ Lowell Martin_
Lowell Martin

## Acknowledgment

On the above inscribed date before the undersigned, a Notary Public for the State of Michigan, personally appeared, Lowell Martin, known to me to be the person whose name is subscribed to the within instrument, and acknowledged to me that he executed the same as his free act and deed.

Notary, State of Michigan: _____

My Commission expires: _____

DANIELLE DERR
Notary Public, State of Michigan
County of Jackson
My Commission Expires Feb. 07, 2012
Acting in the County of Jackson

**Seal:**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Amended Complaint was served on January 13th, 2007 by USPS to the following person, addressed as follows:

MICHAEL J. SALEM
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044

By: *[signature]*

Lowell Martin