IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| LOWELL MARTIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No: 1:06-cv-1624 (JDB) |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

**UNITED STATES' MOTION TO DISMISS AMENDED
COMPLAINT & SUPPORTING MEMORANDUM**

MOTION TO DISMISS

DEFENDANT, the United States of America, moves under Fed. R. Civ. P. 12(b), to dismiss plaintiff's amended complaint.

As grounds for this motion, the United States submits that the Court lacks subject matter jurisdiction over the amended complaint and the amended complaint fails to state a claim upon which relief can be granted. A memorandum of points and authorities in support of this motion and a proposed order are submitted herewith.

The specific relief sought by this motion is dismissal of the amended complaint with prejudice.

DATE: January 22, 2007.

Respectfully submitted,

 /s/ Michael J. Salem
MICHAEL J. SALEM
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044
Telephone:  (202) 307-6438

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

MEMORANDUM IN SUPPORT OF
UNITED STATES' MOTION TO DISMISS
AMENDED COMPLAINT

This is an action under 26 U.S.C. § 7431 for the recovery of damages allegedly caused by the disclosure of confidential return information by the Internal Revenue Service.

QUESTIONS PRESENTED

Plaintiff complains that the Internal Revenue Service illegally disclosed his tax return information by filing a notice of federal tax lien on the public record. Section 7433 of the Internal Revenue Code, with one exception not pertinent here, provides that it "shall be the exclusive remedy for recovering damages" for unauthorized or improper collection actions. Can plaintiff recover under 26 U.S.C. § 7431 when the unauthorized disclosure claims are premised upon the filing of a notice of federal tax lien?

Section 6103 prohibits disclosures of "return information," except as permitted by the Internal Revenue Code. Pursuant to exceptions in section 6103 the Service is authorized to disclose return information in order to carry out the provisions of the Code relating to establishment and recording of liens. Did the Service violate section 6103 by filing a notice of federal tax lien?

STATEMENT

1. <u>Introduction</u>. On September 18, 2006, plaintiff, acting *pro se*, initiated this action by filing a complaint for damages. A resident of Michigan (Compl. ¶ 3; Am. Compl. ¶ 3), plaintiff seeks to recover damages for the alleged wrongful disclosure of

1

his tax return information by Internal Revenue Service agents, both named and unnamed in the complaint (*id.* ¶¶ 1).

On November 24, 2006, the United States moved to dismiss plaintiff's complaint. (*See* PACER # 5.) The Court promptly issued a *pro se* practice order under *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), advising plaintiff of the significance of the motion to dismiss and the consequences that could flow from failing to respond to the motion. (*See* PACER # 6.)

Three days after the deadline set by the practice order for the filing of an opposition to the motion to dismiss, plaintiff filed a motion for enlargement of time. (*See* PACER # 7.) The Court granted the motion, ordering plaintiff to file any opposition to the motion to dismiss by January 16, 2007. Minute Order.

On January 17, 2007, plaintiff filed an opposition to the United States' motion to dismiss. (*See* PACER # 9.) But prior to filing the opposition, on January 13, 2007, plaintiff served an amended complaint. (*See* PACER # 8.) The service of plaintiff's amended complaint was permissible under Fed. R. Civ. P. 15(a), supercedes the original complaint, and effectively mooted the United States' pending motion to dismiss.1/ Rule 15(a) provides that the United States shall respond to the amended pleading within ten days of service—in this case no later than January 29, 2007.

---

1/ For the same reason, plaintiff's opposition to the motion to dismiss is moot. Accordingly, the United States will not file a reply to plaintiff's opposition.

2. <u>Plaintiff's amended complaint.</u>  Aside from a slight change in the numbering of the paragraphs, plaintiff's amended complaint differs from the original in only four specifics:

- the averments of the original ¶ 4 have been deleted entirely,2/

- the original ¶ 5 has been renumbered as a new ¶ 4 and the last clause of the original ¶ 5 has been deleted,3/

- the averments of the original ¶ 7 have been deleted entirely,4/ and

- the actual damages demanded have increased to $31,542.64.5/

(*Compare Compl.* ¶¶ 4, 5 *with* Am. Compl. ¶ 4.)

3. <u>The claim for "wrongful disclosure" under section 7431</u>.  Plaintiff averred in his complaint (Compl. ¶¶ 4, 5), and avers in his amended complaint (Am. Compl. ¶¶ 4, 5), that "[d]uring December of 2005 and January of 2006," Service agents caused notices

---

2/ The original ¶ 4 read:  "Plaintiff is the subject of ongoing purported collection action being conducted by the aforementioned agents of the Internal Revenue Service, in the absence of record evidence of existing assessments."  *See* Compl. ¶ 4.

3/ The original ¶ 5 ended:  "in amounts for which defendant has been unable to produce evidence of lawful assessment."  *See* Compl. ¶ 5.

4/ The original ¶ 7 read:  "Defendant's agent, Lynn Dewerth also issued a Notice of Levy which wrongfully disclosed Plaintiff's confidential tax return information.  Said Notice of Levy wrongfully disclosed Plaintiff's confidential tax return information, such as name, address, city, state, social security number, 'Unpaid Balance of Assessment', etc."  *See* Compl. ¶ 7.

5/ The original demand for actual damages was in the amount of $25,275.72.  *See* Compl. at 6.

of federal tax liens to be recorded with the Registers of Deeds of Jackson County and Wayne County, Michigan.  Plaintiff alleges that the notices of federal tax liens wrongfully disclose tax return information and that such disclosures have subjected him to the possibility of identity theft.  (Am. Compl. ¶ 7.)

Plaintiff bases his action on 26 U.S.C. § 7431, which he avers provides taxpayers with a cause of action for statutory and/or actual and punitive damages against the United States in the event a Service agent makes any unlawful disclosure of return information in violation of 26 U.S.C. § 6103.  (*Id.* ¶ 15.)

ARGUMENT

I

Standard of Review

In deciding a motion to dismiss for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), the court must view all of the allegations and facts in the complaint in a light most favorable to the plaintiff, and must grant the plaintiff the benefit of all inferences that can be derived from those facts.  *See Barr v. Clinton*, 370 F.3d 1196, 1199 (D.C. Cir. 2004).  The court need not accept inferences or conclusory allegations that are unsupported by the facts set forth in the complaint.  *See Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

The court must give the plaintiff's factual allegations closer scrutiny when resolving a rule 12(b)(1) motion than would be required for a rule 12(b)(6) motion, because the plaintiff has the burden of proof to establish jurisdiction.  *See, e.g., Role*

*Models America, Inc. v. Harvey*, 2006 WL 2793178, *3 (D.D.C. Sept. 28, 2006), *citing Macharia v. United States*, 334 F.3d 61, 64, 69 (D.C. Cir. 2003); *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F.Supp.2d 9, 13 (D.D.C. 2001).  This scrutiny permits the court to consider material outside of the pleadings in its effort to determine whether it has jurisdiction.  *See, e.g., Cronauer v. United States*, 2006 WL 2708682, *2  (D.D.C. Sept. 20, 2006), *citing EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 625n.3 (D.C. Cir. 1997); *Herbert v. Nat'l Acad. of Sciences*, 974 F.2d 192, 197 (D.C. Cir. 1992).

II

Section 7433 Is Plaintiff's Exclusive Remedy

Plaintiff's section 7431 claims must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) because section 7433 of the Internal Revenue Code provides the exclusive remedy for allegedly unauthorized or improper collection actions.  Disclosures of return information allegedly made in the course of collection actions are subsumed within this exclusive remedy.

Section 7433 (a) provides that:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.  Except as provided in Section 7432, such civil action *shall be the exclusive remedy for recovering damages resulting from such actions.*

5

26 U.S.C. § 7433(a) (emphasis added). By its own terms, the statute is the "exclusive remedy" for the violation of "any provision of this title" in the course of federal tax collection. Congress provided only one exception to section 7433's exclusivity—section 7432.6/

Section 7431 was added to the Internal Revenue Code six years before section 7433, and Congress must necessarily have been aware of section 7431 when it enacted section 7433. *Cf. Miles v. Apex Marine Corp.*, 498 U.S. 19, 32 (1990) ("We assume that Congress is aware of existing law when it passes legislation."). Had Congress intended section 7431 to be an alternative or supplemental remedy to an action within the purview of section 7433, Congress would have included section 7431 as an exception, along with section 7432. *Cf. Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253-54 (1992) ("We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there.").

The legislative history of section 7433 supports the conclusion that Congress intended the statute to be the exclusive avenue of redress for all unauthorized collection actions. The legislative history provides that "an action brought under this provision [section 7433] shall be the exclusive remedy for recovering damages resulting from reckless or intentional disregard of a provision of the Internal Revenue Code, or a regulation promulgated thereunder, by an IRS employee engaged in the collection of

---

6/Section 7432 provides a damages remedy for "wrongful failure to release lien." *See* 26 U.S.C. § 7432.

6

any Federal tax." H.R. Conf. Rep. No. 100-1104, at 228-29, *reprinted in* 1988 U.S.C.C.A.N. 4515, 5288-89.

Judicial precedent also supports the exclusivity of section 7433. In *Shwarz v. United States*, the Ninth Circuit held that section 7433 is the exclusive remedy in this situation and bars a claim under section 7431 if the alleged unauthorized disclosures of tax return information occurred in the course of collection activity. *Shwarz v. United States*, 234 F.2d 428, 433 (9th Cir. 2000). In *Shwarz*, the plaintiffs claimed that Service employees made unauthorized disclosures when a revenue officer filed an allegedly false declaration in support of an application to enter plaintiffs' place of business to effect a levy and when revenue officers posted seizure notices at plaintiffs' place of business. Because the alleged unauthorized disclosures occurred in connection with tax collection activities, the court ruled that the suit had to proceed under section 7433 rather than section 7431. *See also Elias v. United States*, 1990 WL 264722, *9n.7 (C.D. Cal. Dec. 21, 1990) (noting that given the then-recent enactment of section 7433, Congress did not intend for section 7431 suits to be maintained in situations arising from tax collection activities), *aff'd mem.*, 974 F.2d 1341 (9th Cir. 1992).

In sum, section 7433 is the exclusive remedy for disclosures alleged to have been made during tax collection activities. Because section 7433 is the exclusive remedy for unauthorized collection activities, this Court lacks subject matter jurisdiction and the claim should be dismissed. To hold otherwise, would enable a taxpayer, whose return information was disclosed as part of collection activity, to recover damages under both

7

sections 7431 and 7433, or perhaps to elect the more favorable scheme of relief, depending on the alleged violation. Congress did not intend to allow a taxpayer to receive double recovery for the same conduct, or to shop for the more favorable remedial scheme.

III

<u>Plaintiff's Claim Is Barred Because the Jurisdictional
Predicates of Section 7433 Have Not Been Met</u>

Assuming, for purposes of argument, that plaintiff had properly brought his suit pursuant to section 7433, the Court should nonetheless dismiss plaintiff's complaint because the jurisdictional predicates of section 7433 have not been met.

It is well-settled that the United States is immune from suit, unless its sovereign immunity has been waived. *Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985); *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981); *United States v. Testan*, 424 U.S. 392, 399 (1976); *United States v. Shaw*, 309 U.S. 495, 500-01 (1940). It is also fundamental that where the sovereign has waived immunity, no suit can be maintained unless it is in exact compliance with the terms of the statute under which the sovereign has consented to be sued. *United States v. Nordic Village, Inc.*, 503 U.S. 30, 34 (1992); *United States v. Sherwood*, 312 U.S. 584, 586-587 (1941).

Under section 7433(d)(1), prior to bringing a suit in federal district court for damages, taxpayers must exhaust their administrative remedies. 26 U.S.C. § 7433(d)(1). "A judgment for damages shall not be awarded under [section7433](b) unless the court

8

determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." *Id.*

The Secretary of the Treasury has promulgated regulations governing the administrative claim for damages under section 7433.  26 C.F.R. § 301.7433-1(e).  The regulations provide that—

> An administrative claim for the lesser of $1,000,000 ($100,000 in the case of negligence) or actual, direct economic damages, as defined in paragraph (b) of this section [7433] shall be sent in writing to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides.

*Id.*  The taxpayer must send a written administrative claim for damages to the area director in the district in which the taxpayer lives and include the following:  (1) the grounds for the claim; (2) a description of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including any damages not yet incurred but that are reasonably foreseeable; and (4) the signature of the taxpayer.  26 C.F.R. § 301.7433-1(e)(1) & (2).  Failure to comply with this regulation deprives a court of jurisdiction.  *See Venen v. United States*, 38 F.3d 100, 103 (3d Cir. 1994); *Conforte v. United States*, 979 F.2d 1375 (9th Cir. 1992); *Glass v. United States*, 424 F.Supp.2d 224, 227 (D.D.C. 2006); *McGuirl v. United States*, 360 F.Supp.2d 125 (D.D.C. 2004).

"In a § 7433 action, the plaintiffs bear 'the burden of demonstrating an explicit waiver of the government's sovereign immunity from suit.'" *Holt v. Davidson*, 441 F.Supp.2d 92, 96 (D.D.C. 2006) (*citing People of Cal. ex. rel. Ervin v. Dist. Dir.*, 170 F.Supp.2d 1040, 1048 (E.D. Cal. 2001)).  In the instant matter, plaintiff makes no

9

assertions concerning his pursuit of administrative remedies. Therefore, plaintiff has not met his burden to allege adequately that the United States has unequivocally waived its sovereign immunity. Because plaintiff has not met his burden to prove exhaustion of administrative remedies, and hence, a waiver of sovereign immunity, this Court does not have jurisdiction over his claim and should dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1).7/

---

7/ There is conflicting case law in this district concerning whether the failure to exhaust administrative remedies under section 7433 should be analyzed as a jurisdictional issue or as a failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Compare Lindsey v. United States*, 448 F.Supp.2d 37, 52-54 (D.D.C. 2006) and *Turner v. United States*, 429 F.Supp.2d 149, 154 (D.D.C. 2006) *with Glass v. United States*, 424 F.Supp.2d 224, 227 (D.D.C. 2006); *Holt v. Davidson*, 441 F.Supp.2d 92, 95 (D.D.C. 2006); *McGuirl v. United States*, 360 F.Supp.2d 125 (D.D.C. 2004). It is the position of the United States that as a term of consent to the waiver of sovereign immunity, the requirement of administrative exhaustion under section 7433 is by definition a part of the court's jurisdiction to entertain the suit. *See United States v. Sherwood*, 312 U.S. 584, 586 (1941) ("The United States, as sovereign, is immune from suit save as it consents to be sued, *** and *the terms of its consent to be sued in any court define that court's jurisdiction* to entertain the suit.") (emphasis added); *accord, United States v. Dalm*, 494 U.S. 596, 608 (1990). But the question is somewhat academic in this case, since the complaint should be dismissed for failure to state a claim even if the Court concludes that it has subject matter jurisdiction. Moreover, should the Court conclude it has subject matter jurisdiction under section 7433, but cannot award damages on account of plaintiff's failure to exhaust administrative remedies, *the Court lacks subject matter jurisdiction to award any other form of relief*, such as to declare plaintiff's rights or to award injunctive relief. *See Lindsey v. United States*, 448 F.Supp.2d at 57-60 (court lacks subject matter jurisdiction over plaintiff's request for declaration of rights and for injunction under section 7433). In other words, under section 7433, *this Court can award only one type of relief — money damages — but it cannot do so unless the plaintiff has exhausted his administrative remedies.

IV

<u>Plaintiff Fails to State a Claim Because
There Was No Unlawful Disclosure</u>

But even if this case were properly before the Court under 26 U.S.C. §§ 7431 or 7433, plaintiff has not alleged sufficient facts upon which to posit a violation of 26 U.S.C. § 6103, and therefore the matter should be dismissed under Fed. R. Civ. P. 12(b)(6).

Section 7431 provides civil damages when there is a negligent or willful violation of section 6103, other than in the collection process.  Section 7433 protects taxpayers from negligent or intentional violations of section 6103, *inter alia*, during the collection process.  Section 6103(a) is a general taxpayer privacy-protection statute, and states the general rule that return information shall be confidential, and that, except as authorized, such information shall not be disclosed.  *Church of Scientology of California v. Internal Revenue Service*, 484 U.S. 9, 10 (1987).  The Internal Revenue Code contains a number of specific and several general exceptions to this rule of non-disclosure.  Specifically, section 6103 (k)(6), provides:

> An internal revenue officer or employee may, in connection with his official duties relating to any *** collection activity *** disclose return information to the extent that such disclosure is necessary in obtaining information, which is not otherwise reasonably available *** with respect to the enforcement of any other provision of this title.  Such disclosures shall be made only in such situations and under such conditions as the Secretary may prescribe by regulation.

26 U.S.C. § 6103(k)(6).

The Secretary of the Treasury has promulgated regulations enumerating the specific circumstances under which disclosures may be made pursuant to section 6103(k)(6).8/ Section 301.6103(k)(6)-1(b) states:

> [A]n internal revenue employee *** in connection with the performance of official duties relating to any *** collection activity *** may disclose return information of any taxpayer, to the extent necessary to obtain information relating to such official duties, including, but not limited to—
>
> > (vi) *** to locate assets in which the taxpayer has an interest *** [and] to apply the provisions of the Code relating to establishment of liens against such assets ***.

26 C.F.R. § 301.6103(k)(6)-1T(a)(vi) (2003); *see also* 26 C.F.R. § 301.6323(f)-1(a)(1) (designating proper place for filing notice of federal tax lien). Section 6103(k)(6) and the pertinent regulations "plainly indicate that disclosure of return information necessary to accomplish collection activities, including the *** filing of notices of federal tax liens, is exempt from the general disclosure prohibition of Section 6103(a)." *Elias v. United States*, 1990 WL 264722, *5 (C.D. Cal. Dec. 21, 1990), *aff'd mem.*, 974 F.2d 1341 (9th Cir. 1992); *see also, Long v. United States*, 972 F.2d 1174, 1180 (10th Cir. 1993) ("6103(k)(6) authorizes an IRS employee to disclose tax return information in the issuance of liens."); *Mann v. United States*, 204 F.3d 1012, 1018 (10th Cir. 2000) ("6103(k)(6) and the relevant

---

8/ Because section 6103(k)(6) directs the Secretary of Treasury to promulgate regulations controlling the situations and conditions under which disclosure is permitted, the resulting regulations are so-called "legislative regulations," entitled to special deference from the courts. *See, e.g., Chrysler Corp. v. Brown*, 441 U.S. 281, 301-03 (1979).

regulations do permit disclosure of tax return information when made in notices of lien."); *William E. Schrambling Accountancy Corp. v. United States*, 937 F.2d 1485, 1490 (9th Cir. 1991) ("[t]he recording of a federal tax lien in the County Recorder's Office *** places information in the liens *** in the public domain.  Because information in the public domain is no longer confidential there can be no violation of Section 6103 and, consequently, no liability for disclosure of such information under Section 7431.")  The actions of the Service agents in this case—recording a notice of federal tax lien against plaintiff in Adroscoggin County, Maine—properly fall under the protection of section 6103(k)(6).  Therefore, there can be no liability under section 7431.

In the instant case, it cannot be disputed that the notice of federal tax lien was filed in connection with the official duties of the Service in attempting to collect the plaintiff's tax liabilities.  Had the information not been disclosed, creditors of the plaintiff would have no way to discover the existence of the liens.  "Indeed, the purpose of recording the lien *** is to place the public on notice of the lien." *William E. Schrambling Accountancy Corp. v. United States*, 937 F.2d at 1489.  The actions of the Service agents in this case properly fall under the protection of sections 6103(k)(6) and 6323 and therefore there can be no liability under sections 7431 or 7433.

Moreover, sections 7431 and 7433 do not address the legitimacy of the collection process, and "whether a disclosure is authorized under § 6103 is in no way dependent upon the validity of the underlying summons, lien or levy." *Elias v. United States*, 1990 WL 264722, at *5; *accord, Mann v. United States*, 204 F.3d at 1020 ("We *** agree with ***

13

the majority of courts which have considered the issue that there is nothing in § 6103 which requires that the underlying means of disclosure be valid before the safe harbor of § 6103(k)(6) applies."); *Wilkerson v. United States*, 67 F.3d 112, 116 (5th Cir. 1995) ("The plain language of the Internal Revenue Code supports the *** contention that the validity of the underlying collection activity is irrelevant in determining whether a disclosure is wrongful."); *Venen v. United States*, 38 F.3d 100, 106 (3d Cir. 1994) ("[T]he propriety of the underlying collection action *** is irrelevant to whether disclosure is authorized under section 6103."); *Bleavins v. United States*, 807 F.Supp. 487, 489 ("[Section] 7431 does not apply to disputed merits of an assessment; it only addresses civil damages for disclosure violations of § 6103."), *aff'd,* 998 F.2d 1016 (7th Cir. 1993) (table); *Tomlinson v. United States*, 1991 WL 338328, *3 (W.D. Wash. Aug. 20, 1991) (adopting the position that the validity of the underlying lien is irrelevant), *aff'd,* 977 F.2d 591 (9th Cir. 1992); *Flippo v. United States*, 670 F.Supp. 638, 643 (W.D.N.C. 1987) ("As a threshold matter the validity of the underlying lien and levy is wholly irrelevant to the disclosure issue."), *aff'd,* 849 F.2d 604 (4th Cir. 1988); *cf.*, 26 C.F.R. § 301.6103-1T(c)(2)[Example] ("The ultimate validity of the underlying levy is irrelevant to the issue of whether the disclosure was authorized by section 6103(k)(6)".).  Therefore, plaintiff's averment that notices of federal tax liens were filed is enough for the Court to

conclude the Service's collection activity permitted the disclosures complained of here.9/

CONCLUSION

Plaintiff's exclusive remedy is found in section 7433 and therefore the amended complaint should be dismissed. Moreover, for all of the additional above-stated reasons, this matter should be dismissed with prejudice.

DATE:  January 22, 2007.

                    Respectfully submitted,

                    /s/ Michael J. Salem
                    MICHAEL J. SALEM
                    Trial Attorney, Tax Division
                    U.S. Department of Justice
                    Post Office Box 227
                    Washington, DC  20044
                    Telephone:  (202) 307-6438

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

---

9/ In the event that this motion were to be denied for any reason, and the United States required to answer, the United States would thereafter demonstrate by competent evidence that the notice of lien in question is based upon valid income tax assessments made against plaintiff for the 1996 and 2000 tax years in an amount totaling more than $63,500.

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing UNITED STATES' MOTION TO DISMISS AMENDED COMPLAINT & MEMORANDUM IN SUPPORT was caused to be served upon plaintiff *pro se* on the 22d day of January, 2007, by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

>LOWELL MARTIN
>Plaintiff *pro se*
>2580 N. Portage Road
>Jackson, MI 49201.

>    /s/ Michael J. Salem
>MICHAEL J. SALEM

2051674.112174532.1