# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Lowell Martin,

    Plaintiff,

v.

UNITED STATES,

    Defendant.

No. 1:06-cv-1624 (JDB)

OPPOSITION TO MOTION TO DISMISS

## OPPOSITION TO MOTION TO DISMISS

Defendant, through Counsel, has moved to dismiss the amended complaint in the above captioned action for lack of subject matter jurisdiction, and failure to state a claim upon which relief can be granted. Defendant's motion fails on both grounds, as follows:

## JURISDICTION IS PROPER

Clearly, the Court has subject matter jurisdiction of over the instant action, which is brought under Title 26 U.S.C. Section 7431(a)(1). Counsel's contrary arguments are groundless and his opinions regarding whether or not §7431 and §7433 should coexist are unpersuasive and irrelevant. The presumption that Congress intended §7431 and §7433 to coexist must prevail.

## COUNSEL'S ATTEMPT TO CREATE A MATERIAL ISSUE WHERE NONE EXISTS

Counsel, attempting to create a material issue, argues (Def's Mem. pg 2 ¶ 3) that Plaintiff failed to comply with the Court's order to respond by January 16, 2007. Counsel is incorrect. Plaintiff mailed the subject response (Dkt # 9) on January 13, 2007. SEE Exhibit A

Martin v UNITED STATES      1      1:06-cv-1624 (JDB)

That the U.S. Postal service failed to timely delivery Plaintiff's response, is a matter completely outside the control of this Plaintiff. As evidenced by the mailing information provided, Plaintiff's response was mailed in compliance with the order of the Court. Any mishandling and, or inefficiency on the part of the U.S. Postal Service cannot be construed as adverse to Plaintiff.

### COUNSEL'S INVITATION TO REGRESS IS UNAVAILING

Counsel concedes Plaintiff's original complaint is superseded by the amended complaint now at bar. (Def's Mem. pg 2 ¶ 3) Despite this concession by Counsel, he argues issues now moot and not contained in the amended complaint. The Court should decline Counsel's scandalous attempt to raise matters not contained in the case at bar. Clearly, Counsel would rather argue superseded, moot issues from Plaintiff's original complaint. However, as Counsel concedes, the original complaint is moot, and Counsel's desire to return thereto is improper. Moreover, Counsel's invitation to revisit the now moot original complaint (Def's Mem. pg 3) "(Compare Compl. ¶¶ 4, 5 with Am. Compl. ¶ 4.)" is cause in itself to deny defendant's motion.

### PLAINTIFF CLEARLY STATES A CLAIM UPON WHICH CAN BE GRANTED

Counsel incorrectly argues that Plaintiff failed to state a claim. Plaintiff has adequately alleged economic loss. Moreover, Plaintiff is suing under 26 U.S.C. 7431 and as such, Plaintiff is not required to submit an administrative claim. That Counsel does not comprehend, or simply disagrees with Congress as to the coexistence and availability of §7431 and §7433 is irrelevant. Counsel is without power or authority to effect or amend such legislation.

## QUESTION PRESENTED

Can Counsel for the defendant, through his intentional misreading, mischaracterization, and misrepresentation of the case at bar, effect a stealth repeal of a statute enacted by Congress?

## DISCUSSION

Congress is fully aware of the existence and availability of both §7431 and §7433. Further, Congress has not seen fit to repeal §7431, thus, as intended by Congress, both §7431 and §7433 are available to taxpayers. §7431 was added as Pub. L. 97–248, title III, § 357(a), Sept. 3, 1982, 96 Stat. 645, and has been amended 5 times since its enactment. Three of the aforementioned amendments occurred after §7433 was added. Such a history clearly proves that Congress had ample opportunity to consider §7431 and §7433 on several occasions. Congress's intent that §7431 and §7433 be construed separately is most notably found in the fact that both provisions were last amended in the IRS Restructuring and Reform Act of 1998; §§ 3101(f) and 6012(b)(3) of Pub. L. 105–206. Said amendment actually strengthened and expanded the scope of §7431 at the same time that § 3102 added a provision regarding negligence to §7433.

Counsel is strongly in favor of the Court somehow barring Plaintiff's §7431 action, and clearly disagrees with Congress as to the availability of §7431. Counsel argues (Def.'s Mem. pg 6 ¶ 3) "To hold otherwise, would enable a taxpayer, whose return information was disclosed as part of collection activity, to recover damages under both sections 7431 and 7433, or perhaps to elect the more favorable scheme of relief, depending on the alleged violation." Congress, however has chosen to leave §7431 available to taxpayers. Plaintiff contends that the instant matter is properly brought under §7431, a statute made available by Congress to allow suits for unauthorized disclosure. Plaintiff is availing himself to §7431 exactly as Congress intended.

Counsel's voluminous case citations are unpersuasive, and certainly not precedent. As detailed in 18 Moore's Federal Practice § 134.02[1][d] ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case."); and *Northwest Forest Resource Council v. Dombeck*, 107 F.3d 897, 900 (D.C. Cir. 1997). Counsel's citations regarding §7431 carry even less weight when contained, as they are by Counsel, in an argument which fluctuates between (questionably) addressing the instant matter and a very obvious desire to convince the Court the instant matter should somehow be converted to a §7433 action. Counsel argues strenuously for the conversion of the instant matter into a §7433 action, rather than addressing the case at bar.

Counsel's citations of §7433 cases, and his opinions thereof are completely immaterial in regards to this Plaintiff's §7431 action. Moreover, Counsel seeks not only to convert Plaintiff's action, Counsel also seeks to convert the Court into a legislative forum. In the case of §7431 and §7433, Congress has already legislated their intent into the Law and subsequent amendments.

Plaintiff respectfully submits that Title 26 U.S.C. §7431 must be available to Plaintiff as Congress intended. Attempts, such as Counsel's, to use the Courts as legislative forums, have been struck down by the Supreme Court on several occasions.

The Supreme Court, in Holmes v. Securities Investor Protection Corp., 503 U.S. 258 (1992), had this to say regarding attempts to restrict the scope of that which Congress has enacted:

We expressly acknowledged that "if Congress had legislated the elements of a private cause of action for damages, the duty of the Judicial Branch would be to administer the law which Congress enacted; <u>the Judiciary may not circumscribe a right which Congress has conferred because of any disagreement it might have with Congress about the wisdom of creating so expansive a liability."</u> Emphasis added

Such a mandate from the Supreme Court bears heavily against Counsel's invitation to the Court to somehow legislate away that which Congress has put into Law. Further, in *United States* v. *Turkette,* 452 U.S. 576, 587 (1981), the Supreme Court opined:

"That being the case, the courts are without authority to restrict the application of the statute."

Thus, Counsel's attempt to convert the Court into a legislative forum fails.

### COUNSEL'S ARGUMENTS AGAINST HIMSELF

Counsel argues vehemently that disclosure of confidential taxpayer information upon notices of lien is not actionable under §7431, (Def's Mem. pg 11 – 13) because, in Counsel's view, notices of lien are collection tools. However, within Counsel's argument states "Had the information not been disclosed, creditors of the plaintiff would have no way to discover the existence of the liens." *Ie:* notice of lien is a "notice" tool. Clearly, Counsel is aware that notices of lien are NOT collection tools. Counsel soundly defeats his own argument by affirming such "notices" are designed to do just that; to put the public on "notice". Putting the final nail in the coffin of his collection tool argument, Counsel next cites from *William E. Schrambling Accountancy Corp. v. United States, 937 F.2d at 1489,* the following:

"Indeed, the purpose of recording the lien *** is to place the public on notice of the lien."

Next Counsel presents his "validity of the underlying debt / assessment is irrelevant" argument. (Def's Mem. pg 13 – 14) Counsel wages an argument that consumes the more than an entire page regarding how the validity of assessment and, or debt is not a relevant issue. Then, after his very detailed diatribe, promises the Court (via footnote #9) that: "In the event that this motion were to be denied for any reason, and the United States required to answer, the United

States would thereafter demonstrate by competent evidence that the notice of lien in question is based upon valid income tax assessments made against..." Emphasis added   Counsel obviously would like to manipulate the Court. Counsel's "validity of assessment doesn't matter, but that's exactly what we intend to use.." argument should be seen as very presumptuous in that Counsel expects the Court to deny a particular argument if presented by a Plaintiff, while supporting defendant's position which Counsel admits would be based on the same argument. Such an outright expectation of "rubber stamping" is seen as an affront to the dignity of the Court.

### DFENDANT'S MOTION RELIES UPON AN ASPIRATION, NOT LAW

Counsel has gone to great lengths in his effort to convert the instant action into a §7433 suit. However, Plaintiff is correctly bringing the instant action under §7431. Counsel's motion fails in that said motion and memorandum (dubiously) in support thereof rely solely upon Counsel's desire to have the Court "mis" treat the instant action as something it clearly is not. Failing to do so, Counsel has not effectively addressed Plaintiff's amended complaint, and cannot move the Court to act. Defendant's motion comes unsupported in that Counsel has chosen to ignore the material allegations contained in Plaintiff's amended complaint, and has instead argued against something not before the Court. Plaintiff' amended complaint is sworn testimony, and in affidavit form. As such, Plaintiff cannot be compelled by Counsel to alter said testimony. Nor can Counsel compel Plaintiff to retreat from a cause of action authorized and approved by Congress.

// //

// //

// //

## CONCLUSION

Defendant's motion fails on every ground upon which it relied. Counsel for the defendant has not addressed the case at bar, and has instead invoked his own aspiration to convert the instant matter into something it is not. Plaintiff respectfully requests the Court deny defendant's motion to dismiss in its entirety.

Respectfully entered this 31st day of January, 2007.

By: *Lowell Martin*
Lowell Martin

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Opposition to Motion to Dismiss was served on January 31st, 2007, by USPS to the following person, addressed as follows:

MICHAEL J. SALEM
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044

By: *Lowell Martin*
Lowell Martin

```
=====================      ==========
          GRASS LAKE (PPO)
          Grass Lake, Michigan
               482409998
             2524950640-0097
    01/13/2007 (800)275-8777 11:24:51 AM
=====================      ==========
=====     ===== Sales Receipt =====-----
Product         Sale Unit        Final
Description      Qty  Price      Price
-----------------------------------------

WASHINGTON DC 20044              $0.87
First-Class
2.80 oz.
                                --------
  Issue PVI:                     $0.87

WASHINGTON DC 20001              $4.05
Priority Mail
4.50 oz.
  Delivery Confirmation          $0.50
  Label #:    0305240000006760265
                                --------
  Issue PVI:                     $4.55
                                --------
Total:                           $5.42

Paid by:
Cash                             $6.00
Change Due:                     -$0.58


Bill#:1000000138228
Clerk:05

All sales final on stamps and postage.
Refunds for guaranteed services only.
      Thank you for your business.
             Customer Copy
```

**U.S. Postal Service™ Delivery Confirmation™ Receipt**

Postage and Delivery Confirmation fees must be paid before mailing.

Article Sent To: (to be completed by mailer)

DELIVERY CONFIRMATION NUMBER: 0306 2400 0000 6760 2651

U.S. DISTRICT COURT
(Please Print Clearly)
333 CONSTITUTION AVE, N.W.
WASHINGTON, DC 20001

Postmark Here

**POSTAL CUSTOMER:**
Keep this receipt. For Inquiries:
Access internet web site at
www.usps.com ®
or call 1-800-222-1811

**CHECK ONE (POSTAL USE ONLY)**
☑ Priority Mail™ Service
☐ First-Class Mail® parcel
☐ Package Services parcel
(See Reverse)

PS Form 152, May 2002

# Exhibit A