IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| LOWELL MARTIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No: 1:06-cv-1624 (JDB) |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

**REPLY TO PLAINTIFF'S OPPOSITION TO UNITED
STATES' MOTION TO DISMISS AMENDED COMPLAINT**

This is an action under 26 U.S.C. § 7431 for the recovery of damages allegedly caused by the disclosure of confidential return information by the Internal Revenue Service.

STATEMENT & DISCUSSION

1. <u>Introduction.</u>  On January 22, 2007, the United States filed a fully supported motion to dismiss plaintiff's amended complaint.  Plaintiff has opposed the motion to dismiss on several grounds.   This reply brief addresses only those points raised in plaintiff's opposition that warrant a response.  With respect to those points not discussed herein, the United States relies upon its memorandum in support of the motion to dismiss.

2. <u>Plaintiff's opposition.</u>  Plaintiff's opposition attempts to make two points. First, plaintiff argues that the Court has jurisdiction over this claim pursuant to 26 U.S.C. § 7431, that Congress intended for section 7431 to be a statutory remedy for wrongful disclosures occurring at any time during the federal tax assessment or

collection process, and that 26 U.S.C. §§ 7431 and 7433 must be construed to "coexist." (Pltf.'s Opp. at 3-5, 6-8.)  Second, plaintiff argues that he has stated a claim for relief under section 7431 because he alleges economic damages flowing from the disclosures complained of.  (Pltf.'s Opp. at 5-6.)

Neither argument has any merit.

3.  <u>Sections 7431 and 7433 do not conflict and do "coexist."</u>  Plaintiff's "co-existence" argument misses the mark.  There is no doubt that sections 7431 and 7433 were intended by Congress to "coexist."  The exclusivity clause of section 7433(a) simply divides tax administrative processes into two parts—the tax collection process and all other aspects of tax administration.  Wrongful disclosures of tax returns and return information—that is, violations of the Internal Revenue Code's confidentiality provision, section 6103—occurring during any phase of tax administration other than the tax collection process, are remedied by section 7431.  Violations of section 6103, along with violations of any other Code section except section 7432, occurring during the collection phase of tax administration, are subject to the remedial scheme of section 7433.  This remedial scheme may not be to plaintiff's liking or understanding, but it is clearly what Congress intended in enacting the final sentence of section 7433(a).  The result is a multi-faceted remedial scheme that deals with violations of the Internal Revenue Code in a carefully structured way.

Specifically, once a tax has been assessed, and the collection phase begins, section 7433 provides a broadly applicable damages remedy for violations of any collection and

collection-related procedures, whether statutory or regulatory. Included within the broad coverage of section 7433 is section 6103. Thus, *a wrongful disclosure occurring during the collection process is to be addressed under section 7433.* Under 7433, the aggrieved taxpayer can recover "actual, direct economic damages sustained by the plaintiff as a proximate result" of the statutory violation, but not more than $1,000,000. 26 U.S.C. § 7433(b). Section 7432 provides a similar, unlimited, special damages remedy for a wrongful failure to release a tax lien. 26 U.S.C. § 7432(b).

In contrast to section 7433, section 7431 provides a damages remedy for wrongful disclosures occurring during any other phase of tax administration—including those disclosures happening during criminal investigations, assessment, and audit activity. And although section 7431 is much narrower in its application, applying only to wrongful disclosures and inspections, it provides a more comprehensive damages scheme. Section 7431 provides damages for the greater of "actual damages" suffered by a taxpayer or $1,000 per disclosure or inspection. And a taxpayer who recovers actual damages on account of a willful, intentional, or grossly negligent violation, is also eligible to recover punitive damages. 26 U.S.C. § 7431(c). Finally, section 7431 has its own attorney's fees recovery provision. 26 U.S.C. § 7431(c)(3).

Given these differences, the United States submits that the Court is bound to give effect to the statutory exclusivity clause contained in section 7433, and must hold that wrongful disclosures allegedly occurring during tax collection are subject to section 7433, not section 7431.

4. <u>Plaintiff's averment that he has suffered economic damages is insufficient to state a claim under section 7433 or section 7431.</u>  Plaintiff's argument that he has stated a claim for relief simply because he alleges that he has suffered economic damages must also fail.  Plaintiff's claim of wrongful disclosure, whether viewed under section 7433 or section 7431, fails because it does not aver a violation of section 6103.  As explained in the opening brief, the disclosure of a taxpayer's name, address, identification number, tax assessment, and amount of tax due in a notice of federal tax lien does not violate section 6103.  Such disclosures are not only permitted, but are intended under the Internal Revenue Code's tax lien notice recording scheme.  Without a colorable violation of section 6103, plaintiff's claim cannot survive, whether under section 7433 or section 7431.

## CONCLUSION

It is the position of the United States that the motion to dismiss plaintiff's amended complaint should be granted.

DATE:  February 3, 2007.

Respectfully submitted,

 /s/ Michael J. Salem
MICHAEL J. SALEM
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044
Telephone:  (202) 307-6438

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing United States' REPLY TO PLAINTIFF'S OPPOSITION TO UNITED STATES' MOTION TO DISMISS AMENDED COMPLAINT was caused to be served upon plaintiff *pro se* on the 3d day of February, 2007, by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

>LOWELL MARTIN
>Plaintiff *pro se*
>2580 N. Portage Road
>Jackson, MI  49201.

>/s/ Michael J. Salem
>MICHAEL J. SALEM

2202902.11