## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**LOWELL MARTIN,**

    **Plaintiff,**

      v.

**UNITED STATES,**

    **Defendant.**

**Civil Action No.  06-1624 (JDB)**

## MEMORANDUM OPINION

    Plaintiff seeks damages against the United States pursuant to 26 U.S.C. § 7431(a)(1)

based on alleged unlawful disclosures of confidential tax return information by the Internal

Revenue Service ("IRS") when it recorded notices of IRS tax liens against plaintiff in the public

record.  See Amended Compl. ¶¶ 1, 4-11.  Defendant has filed a motion to dismiss for lack of

subject matter jurisdiction or, in the alternative, for failure to state a claim upon which relief can

be granted.

## BACKGROUND

    Plaintiff alleges that the IRS recorded notices of federal tax liens against plaintiff in the

Register of Deeds in Wayne County and Jackson County, Michigan, during December 2005 and

January 2006.[1]  Am. Compl. ¶ 4.  Each notice asserts that "taxes . . . have been assessed against"

plaintiff, that the tax "remains unpaid," and declares a lien in favor of the United States against

the property.  See Notices of Federal Tax Liens dated December 5, 2005 and January 18, 2006,

---

    [1]  The Court will treat the IRS notices as incorporated by reference into plaintiff's
amended complaint, based on his reference to them as attachments to the amended complaint,
although they are instead affixed to the original complaint.  See Am. Compl. ¶ 4 (stating that
"copies [of the notices] . . . are affixed hereto" without attaching the notices); Original Compl.,
Attachments (Notices of Federal Tax Liens dated December 5, 2005, and January 18, 2006).

cited in Am. Compl. ¶ 4.  Plaintiff alleges that, as a result of the IRS notices, his tax return information has been wrongfully disclosed, and he has suffered substantial personal embarrassment, loss of good will, and loss in credit.  Id. ¶¶ 5, 17.

Pursuant to 26 U.S.C. § 7431(a), plaintiff seeks direct damages in the amount of $31,542.64. and punitive damages in an amount yet to be determined.  Id. ¶¶ 17-18.  This provision of the Internal Revenue Code creates a damages action for unlawful disclosures of confidential tax return information, stating, in relevant part:

> (1) Inspection or disclosure by employee of United States. -- If any officer or employee of the United States knowingly, or by reason of negligence, inspects or discloses any return or return information with respect to a taxpayer in violation of any provision of section 6103, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.

Section 6103, in turn, provides that tax returns and return information shall be kept confidential subject to several enumerated exceptions.  26 U.S.C. § 6103.

A separate provision of the Internal Revenue Code, 26 U.S.C. § 7433, authorizes a damages action for unlawful collection actions by the IRS.  That provision states:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.  Except as provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

26 U.S.C. § 7433(a).  Thus, a violation of section 6103 (unauthorized disclosure of confidential information) "in connection with any collection of Federal tax" is actionable under section 7433. Plaintiff has chosen not to pursue a claim under § 7433, and objects to any characterization of his complaint as seeking damages under that provision.  See Pl.'s Opp. at 6.

2

**STANDARD OF REVIEW**

"[I]n passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see Leatherman v. Tarrant Cty. Narcotics and Coordination Unit, 507 U.S. 163, 164 (1993); Phillips v. Bureau of Prisons, 591 F.2d 966, 968 (D.C. Cir. 1979). Therefore, the factual allegations must be presumed true, and plaintiff must be given every favorable inference that may be drawn from the allegations of fact. Scheuer, 416 U.S. at 236; Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000). However, the Court need not accept as true "a legal conclusion couched as a factual allegation," nor inferences that are unsupported by the facts set out in the complaint. Trudeau v. Federal Trade Comm'n, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

Here, the Court will treat defendant's motion to dismiss as one for failure to state a claim upon which relief can be granted because the deficiency alleged pertains to the boundaries of the right of action under 26 U.S.C. § 7431 in light of section 7433, in contrast to a statutory provision speaking to the jurisdiction of the district courts. See Arbaugh v. Y&H Corp., 126 S. Ct. 1235, 1245 (2006) ("when Congress does not rank a statutory limitation as . . . jurisdictional, courts should treat the restriction as non-jurisdictional in nature"); see also Trudeau, 456 F.3d at 188, 191 (observing that whether a statute authorizes a cause of action presents a question of whether plaintiff states a claim upon which relief can be granted, rather than jurisdiction).

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure will not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46

3

(1957); <u>see also</u> <u>Haynesworth v. Miller</u>, 820 F.2d 1245, 1254 (D.C. Cir. 1987).  All that the

Federal Rules of Civil Procedure require of a complaint is that it contain "'a short and plain

statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and

the grounds upon which it rests."  <u>Dura Pharm., Inc. v. Broudo</u>, 544 U.S. 336, 346 (2005)

(quoting <u>Conley</u>, 355 U.S. at 47).  "Given the Federal Rules' simplified standard for pleading, '[a]

court may dismiss a complaint only if it is clear that no relief could be granted under any set of

facts that could be proved consistent with the allegations.'"  <u>Swierkiewicz v. Sorema N.A.</u>, 534

U.S. 506, 514 (2002) (quoting <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984)).

## <u>ANALYSIS</u>

Defendant contends that plaintiff's amended complaint must be dismissed because

26 U.S.C. § 7433 provides the exclusive remedy for allegedly unauthorized or improper

collection actions by the IRS, including those collection actions involving unlawful disclosures

of confidential tax return information.  Def.'s Mem. in Supp. of Mot. to Dismiss at 5-8.  Plaintiff

responds that defendant has, in effect, asked the Court to take on the legislative task of modifying

the right of action set forth in section 7431.  Pl.'s Opp. at 3-5.  Based on the plain language of

section 7433 and the legislative history, the Court concludes that plaintiff does not have a right of

action under § 7431.

The Court first looks at the plain language of the relevant statute.  Section 7433(a)

broadly authorizes a damages action where the IRS "<u>in connection with any collection of Federal</u>

<u>tax</u> . . . recklessly or intentionally, or by reason of negligence <u>disregards any provision of this</u>

<u>title</u>, or any regulation promulgated under this title." (emphasis added).  In this same subsection,

4

Congress provided that, except as provided by section 7432 -- a provision not at issue here[2] --

"such civil action shall be <u>the exclusive remedy for recovering damages resulting from such

actions</u>."  26 U.S.C. § 7433(a) (emphasis added).  Thus, by its own terms, section 7433 provides

the "exclusive remedy" for the recovery of damages where the IRS "in connection with any

collection of Federal tax" has disregarded "any provision of this title" -- a reference that includes

the confidentiality provisions of section 6103.  The Ninth Circuit has thus concluded that the

plain language of section 7433 precludes a suit under 7431 where the disclosure at issue occurs

"in connection with the collection of Federal taxes."  <u>See</u> <u>Shwarz v. United States</u>, 234 F.3d 428,

432-33 (9th Cir. 2000).

The legislative history also supports this reading.  The conference agreement explanation

in support of section 7433 states:  "'[E]xcept as provided by new Code section 7432, an action

brought under this provision [section 7433] shall be the exclusive remedy for recovering

damages resulting from reckless or intentional disregard of a provision of the Internal Revenue

Code, or a regulation promulgated thereunder, by an IRS employee engaged in the collection of

any Federal tax.'"  <u>Shwarz</u>, 234 F.3d at 433 (quoting H.R. Conf. Rep. No. 100-1104, at 228-29

(1988), <u>reprinted in</u> 1988 U.S.C.C.A.N. 5048, 5288-9).  The Ninth Circuit thus concluded that

this legislative history "makes clear . . . that, except for § 7432 actions, <u>all other actions for

improper collection activity are precluded by § 7433.</u>"  <u>Id.</u> (emphasis added).

Based on the plain language of section 7433 and its legislative history, this Court

concludes that section 7433 bars a claim under section 7431 where the alleged IRS disclosure is

"in connection with any collection of Federal tax."  Plaintiff's contention that the Court should

---

[2]  Section 7432 authorizes an action for civil damages in certain circumstances based on
IRS failure to release a lien.

reject defendant's exclusivity argument as an impermissible attempt to rewrite section 7431 is

misguided. Congress, not the courts, has limited the cause of action available under section 7431

by including the exclusivity provision in section 7433.[3]

The Court's holding is consistent with other recent decisions addressing the impact of

section 7433 on a plaintiff's right of action under section 7431 and other statutes. See Koerner v.

United States, --- F. Supp. 2d ---, No. 06-1663, 2007 WL 159716, *2 (D.D.C. Jan. 23, 2007)

(agreeing with Schwarz that "[section] 7433 is plaintiff's only possible avenue of recourse" where

plaintiff alleged wrongful disclosure based on IRS notices of tax liens, and thus dismissing

claims under section 7431); see also Ross v. United States, 460 F. Supp. 2d 139, 148-49 (D.D.C.

2006) (holding that the exclusivity provision of section 7433 required dismissal of plaintiffs'

damages claims under other statutes including the Mandamus Act, the All Writs Act, the

Mandamus Act, and the Privacy Act); McReynolds v. United States, No. 06-0924, 2007 WL

521889, at *2 (D.D.C. Feb. 14, 2007) (same).

Plaintiff attempts to save his case by asserting that the IRS disclosures made through the

notices of federal tax lien do not involve the "collection of Federal tax" under section 7433. See

Pl.'s Opp. at 5. This argument defies common sense and the legal precedent recognizing IRS

---

[3] Section 7431 actions may still be brought in other contexts where the disclosures are not in connection with "collection" of taxes. See, e.g., Shwarz, 234 F.3d at 433 (noting that section 7431 actions can be brought for "disclosures that occur in connection with the determination of tax liability") (emphasis added); Barrett v. United States, 51 F.3d 475, 477-80 (5th Cir. 1995) (holding that IRS was liable under section 7431 where IRS agent sent letter to 386 patients of plaintiff's medical practice unlawfully disclosing that plaintiff was under criminal investigation); Jones v. United States, 9 F. Supp. 2d 1119, 1122-25 ( D. Neb. 1998) (awarding damages under section 7431 where IRS criminal investigator unlawfully disclosed plaintiff's tax information to a confidential informant for his protection and informant then misused the information); Ward v. United States, 973 F. Supp. 996, 1000-04 (D. Colo. 1997) (awarding damages under section 7431 where IRS employees unlawfully disclosed plaintiff's tax return information on a radio talk show, in a fact sheet provided to a news journal, and in a letter to a newspaper editor).

notices of tax liens as a tax collection activity.  See Koerner, --- F. Supp. 2d ---, 2007 WL

159716, at *3 (recognizing that a notice of a federal tax lien is a tax collection activity); Opdahl

v. United States, No. 98-0262, 2001 WL 1137296, at *2 (D.D.C. Aug. 16, 2001) (same).

Plaintiff admits that he bases his damages suit on a disclosure of return information that occurred

in connection with three notices of federal tax liens -- in other words, in connection with the

IRS's tax collection efforts.  In short, even accepting all of the factual allegations of the amended

complaint as true, plaintiff does not have a right of action under 26 U.S.C. § 7431 because he

seeks damages for IRS disclosures that were made in connection with tax collection activity.

Accordingly, the amended complaint will be dismissed for failure to state a claim upon which

relief can be granted.

## CONCLUSION

For the foregoing reasons, the Court will grant defendant's motion to dismiss plaintiff's

amended complaint.  A separate order has been issued on this date.


                                        /s/
                              JOHN D. BATES
                          United States District Judge

Dated:   March 21, 2007

7